Crabb, J.
delivered the opinion of the court. This suit, in covenant, is upon an obligation from Shelby to Wynne,, for 300 dollars, payable in cash notes, on good and solvent men, on the 25th December, 1824. No place of payment is mentioned in the note.
The declaration does not aver demand or notice of place, according to the act of 1807, ch. 95, sec. 1.
One question is, whether .this is a -contract for the payment or delivery of property, within the meaning of that section. We think it is not. The reasons which would induce the general assembly to make the provisions in the act, in relation to articles of property, in their nature ponderous and unwieldy, do not apply to such choses in action, as notes of hand.
Another question is, as to the necessity of demand, &c. being averred in the declaration, in cases to which the act does apply. In the earliest decisioii, which is known to have been made, upon this subject, not many years after the passage of the act, (Denton vs. Moore’s adm’r. 2 Ten. Rep. 168,) it was decided, that if the defendant wish to avail himself of the provision contained in the act, he must rely upon it by plea, and that the declaration need not contain any averment, to bring the case within it. Very many suits throughout the country have been brought, prosecuted and determined, in conformity to this adjudication. This court cannot consent to disturb it.
The case of Vance vs. Jones, Peck’s Rep. 333, has been referred to by counsel for the plaihtiffin error, as sustaining the position, that an averment of. demand, or notice, must be made in the declaration.
F. B. Fogg for plaintiff in error.
Martin for defendant in error.
It it is true that some insinuations of that land were thrown ^ mem[jer 0f $16 court, who delivered the opinion. But two members of the court, who decided that cause, are now present, and state that neither of them concurred in the reasoning of the judge, who delivered the opinion on that point. The cause was decided on other principles. It is presumable that the distinguished and enlighted gentleman who threw out these ideas, was not aware of the decision in 2 Tennessee Reports — for no man is more competent than he was, to perceive the evil consequences that would result from altering, upon light grounds, a well considered construction of a statute, after that construction has been regarded and acted on, for many years, in all the courts of the country.
J udgment affirmed.